1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON ALEXANDER FAVOR,              1:17-cv-01768-LJO-EPG

12              Plaintiff,
                                          ORDER TRANSFERRING CASE TO THE
13         v.                             CENTRAL DISTRICT OF CALIFORNIA

14   SHARON WIMFROY, ET AL.,

15              Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.

19        The federal venue statute requires that a civil action, other than one based on diversity

20   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

21   defendants reside in the same state, (2) a judicial district in which a substantial part of the events

22   or omissions giving rise to the claim occurred, or a substantial part of the property that is the

23   subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

24   there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

25        In this case, none of the defendants reside in this district. The claim arose in Los Angeles

26   County, which is in the Central District of California. Therefore, plaintiff's claim should have

27   been filed in the United States District Court for the Central District of California. In the interest

28   of justice, a federal court may transfer a complaint filed in the wrong district to the correct

district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:  **January 2, 2018**

/s/ Enu P. Grop

UNITED STATES MAGISTRATE JUDGE

2